IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASANI JACKSON, | No. C-07-00662 EDL |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION TO STRIKE WITHOUT PREJUDICE** |
| v. | |
| MILLS CORP., | |
| Defendant. | |

On April 18, 2007, Defendant Mills Corp. filed a Motion to Dismiss under Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure and a Motion to Strike all portions of Plaintiff's Complaint that reference Plaintiff's request for punitive damages. On May 7, 2007, Plaintiff filed a consolidated Opposition to both motions. At a hearing on September 11, 2007 on counsel for Plaintiff's unopposed Motion to Withdraw as Counsel, the Court also first heard oral argument from Plaintiff on the Motion to Dismiss. Defendant did not attend the hearing and did not present oral argument. However, the matter was sufficiently briefed, remained on calendar for hearing on September 11, 2007, and is suitable for decision without oral argument. See Civ. L.R. 7-1(b). Accordingly, for good cause shown, the Court rules as follows.

Defendant argues that Plaintiff has failed to state a claim upon which relief may be granted for both Plaintiff's Unruh Act claims and defamation claims. A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, __U.S.__ , 127 S. Ct. 1955, 1974 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.

Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

Defendant argues that Plaintiff has failed to allege any facts that would support a theory of liability under the Unruh Act as to Defendant Mills Corporation. The Unruh Act provides:

> [A]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . race, color, . . . ancestry, [or] national origin . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

See Cal. Civ. Code § 51. Plaintiff argues that the complaint is devoid of facts that establish that Defendant denied Plaintiff full and equal accommodations, advantages, facilities, privileges, or services because of his race, that the denial was motivated because of Plaintiff's race, and that defendant's conduct was a substantial factor in causing Plaintiff's damages. Defendant argues that the complaint alleges only that Plaintiff was asked to leave the shopping center due to his conduct, not his race, which is not actionable under the Unruh Act. See Motion to Dismiss, at 6-7 (citing Complaint at ¶ 5). The Court agrees.

Even read generously, the complaint does not allege that Plaintiff was ejected from the shopping mall because of his race. Although Plaintiff has alleged that Defendant "acted with a willful and conscious disregard of plaintiff's right not to be discriminated on account of his race," Compl., ¶ 9, the Court need not accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). The complaint alleges only that the reason Plaintiff was singled out and ejected from the shopping center was because someone was harassing an employee and that Plaintiff was identified as a suspect because he, like the alleged wrongdoer, was African-American. See Compl., ¶¶ 5-6.

In his opposition, Plaintiff does not respond to Defendant's argument that Plaintiff has failed to allege that the ejection was racially based. Plaintiff only argues that the ejection was not proper

for any reason. In support of that argument, Plaintiff argues that the ejection was not warranted because the mall's code of conduct does not, as Defendant contends, prohibit all videotaping, but only prohibits videotaping for commercial purposes. See Opposition, at 4. Plaintiff further argues that "[a]t common law innkeepers were under a duty to furnish accommodations to all persons in the absence of reasonable grounds." Id., citing Perrine v. Paulos, 100 Cal. App. 3d 655, 657 (1950). Plaintiff notes that Defendant has a common law duty to give all persons equal access to the shopping mall, "regardless of whether the motivation was race." However, Plaintiff does not address whether harrassment of mall employees may provide reasonable grounds to treat someone differently, regardless of race. And, more importantly, Plaintiff has failed to sufficiently plead that the ejection was racially motivated. Accordingly, in its current form, the complaint fails to state a claim for racial discrimination under the Unruh Act.

Plaintiff's claim for defamation is similarly deficient. Plaintiff alleges that Defendant defamed him by stating that (a) a female mall employee made a legitimate complaint that Plaintiff harassed and videotaped her, (b) Plaintiff was a risk of harm to the complaining woman, and (c) Plaintiff would be arrested if he did not leave or if he returned to the mall. See Compl., ¶¶ 10-16. According to the complaint, these statements were made by the mall's security guards to Plaintiff's employer, who subsequently terminated Plaintiff as a result of these statements, causing Plaintiff to suffer loss of earnings and emotional distress. See Compl., ¶¶ 5-8. Plaintiff alleges that these statements were made intentionally, willfully, and with conscious disregard of Plaintiff's right not to be discriminated against. Id., ¶ 9.

Defendant argues that the statements Plaintiff contends are defamatory are privileged, and Plaintiff has failed to sufficiently allege facts that would fall within an exception to that privilege. See Motion to Dismiss, at 7. Under California law, privilege extends to one who shares information "[i]n the proper discharge of an official duty." Cal. Civ. Code § 47(a). To be privileged, the communication must be "without malice, to a person interested therein, [] by one who is also interested [in the subject of the communication]." Cal. Civ. Code § 47(c). As a threshold matter, the removal of harassing persons from a shopping mall would fall within a security guard's official duty. Communications in furtherance of that official duty, such as informing Plaintiff's employer

3

that a complaint was made against him, are statement made between interested parties.

Plaintiff has failed to allege facts that would defeat this privilege. To establish malice sufficient to defeat a privilege under Section 47(c), a plaintiff must show "that the publication was motivated by hatred or ill will towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication … ." Noel v. River Hills Wilsons, Inc., 113 Cal. App. 4th 1363, 1370 (2003). Plaintiff must plead specific facts beyond conclusory allegations of malice. Kacludis v. GTE Sprint Commc'ns Corp., 806 F. Supp. 866, 872 (N.D. Cal. 1992) (Conti, J.); Robomatic, Inc. v. Vetco Offshore, 225 Cal. App. 3d 270, 276 (1990) ("A general allegation of malice will not suffice; plaintiff must allege detailed facts showing defendant's ill will to towards him."). Malice cannot be inferred from the communication itself. Cal. Civ. Code § 48. And mere negligence in investigating the facts is not a basis for malice without something more. White v. State of California, 17 Cal. App. 3d 621, 629 (1971).

Here, Plaintiff states nothing more than the conclusory allegation that the security guard's statements were made intentionally, willfully, and with conscious disregard of Plaintiff's right not to be discriminated against. Compl., ¶ 9. Plaintiff has alleged no ill will or hatred, and the substantive allegations do not suggest that the security guards did not believe the truth of the statements they made about Plaintiff. Accordingly, the allegations in the complaint do not overcome the presumption of privilege. See Kacludis, 806 F.Supp. at 872 (citations omitted). Therefore, Plaintiff has failed to state a claim for defamation. Because the Court grants Defendant's Motion to Dismiss due to failure to state a claim, the Court need not reach the question whether Plaintiff has failed to join an indispensible party. Accordingly, the Court hereby grants Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim, and denies Defendant's Motion to Strike, without prejudice, as moot.

Dismissal should be with leave to amend unless it is clear that the complaint could not be saved by any amendment. See Thinket Ink Info Res., Inc., v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004). Here, Plaintiff requested leave to amend in his papers. The Court grants Plaintiff's request. Plaintiff must file his amended complaint by October 12, 2007.

It is unclear whether Plaintiff intends to proceed with his case, according to Plaintiff's former

4

counsel at the September 11, 2007 hearing. Plaintiff did not attend the hearing although his former counsel informed him of it. Plaintiff has a duty to diligently prosecute this case, either pro se or through retaining a new attorney. If Plaintiff does not file an amended complaint by October 12, 2007, this Court will dismiss Plaintiff's complaint with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated: September 14, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge